#7 (02/08 HRG OFF)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-9358 PSG (PJWx) | Date | February 2, 2016 |
|---|---|---|---|
| Title | Laila Abikhalil v. American Medical Response Ambulance Service, Inc., *et al.* | | |

| Present: The Honorable | Philip S. Gutierrez, United States District Judge | |
|---|---|---|
| Wendy Hernandez | | Not Reported |
| Deputy Clerk | | Court Reporter |
| Attorneys Present for Plaintiff(s): | | Attorneys Present for Defendant(s): |
| Not Present | | Not Present |

**Proceedings (In Chambers):** Order DENYING motion to remand

Before the Court is Plaintiff Laila Abikhalil's motion to remand. Dkt. #7. The Court finds the matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78(b); L.R. 7-15. After considering the moving, opposing, and reply papers, the Court DENIES Plaintiff's motion.

I.    Background

Plaintiff worked as a volunteer intern for Defendants American Medical Response, Inc., American Medical Response Ambulance Service, Inc., and Envision Healthcare Corporation. *Compl.* ¶¶2–3, 8. Plaintiff alleges that Defendants' employees made "obscene, lewd, and disrespectful sexually harassing/gender/race/color/national origin/ancestry discriminatory slurs, comments, and sexual propositions to Plaintiff," and "engaged in quid pro quo harassment by conditioning continued interning/volunteering, approval of Plaintiff's intern responsibilities, and opportunity for Plaintiff to fulfill her internship requirements on Plaintiff s engaging in sexual acts with [them]." *Id.* ¶¶8–9. Plaintiff alleges that Defendants permitted this conduct. *Id.* ¶8. After Plaintiff complained about her treatment, she alleges that Defendants "mocked [her], physically threatened her, and delayed her return to the office," that Defendants' employees "physically threatened [her] and attempted to interfere in [her] ability to complain about the harassment to management," and that Defendants "retaliated and discriminated against [her] by berating [her], suspending her, forcing [her] to leave, and terminating her internship with Defendants." *Id.* ¶¶10–12. Plaintiff alleges that all of this occurred due to "her protected activities/complaints" and "on the basis of her gender/race/color/ancestry/national origin/opposition to sexual harassment." *Id.* ¶12.

After allegedly exhausting all administrative remedies and receiving a right to sue letter from the California Department of Fair Housing and Employment, *id.* ¶13, Plaintiff brought suit against Defendants in the Superior Court for the County of Los Angeles, Dkt. #1, Ex. B. Plaintiff included claims for: (1) Harassment in Violation of the Fair Employment and Housing

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-9358 PSG (PJWx) | Date | February 2, 2016 |
|---|---|---|---|
| Title | Laila Abikhalil v. American Medical Response Ambulance Service, Inc., *et al.* | | |

Act ("FEHA"); (2) Failure to Prevent Harassment in Violation of FEHA; (3) Retaliation in Violation of FEHA; (4) Intentional Infliction of Emotional Distress; (5) Assault; (6) Discrimination in Violation of FEHA; (7) Failure to Prevent Discrimination in Violation of FEHA; (8) Failure to Prevent Retaliation in Violation of FEHA; and (9) Violation of the Unruh Civil Rights Act. *See generally Compl.*

Defendants removed the case to this Court. Dkt. #1. Plaintiff subsequently filed this motion for remand. Dkt. #7.

II.     Legal Standard

Under 28 U.S.C. § 1441(a), a defendant may remove a civil action from state court to federal court if original jurisdiction would lie in federal court. *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 163 (1997). A federal court has original jurisdiction under 28 U.S.C. § 1332 if (1) there is complete diversity between the parties and (2) the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332(a) (referred to as diversity jurisdiction). Courts must be mindful that there is a "strong presumption against removal jurisdiction," which means that courts should "strictly construe the removal statute against removal jurisdiction." *Geographic Expeditions, Inc. v. Estate of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1107 (9th Cir. 2010) (quoting *Gaus v. Miles, Inc.*, 980 F.2d 564, 566–67 (9th Cir. 1992) (per curiam)).

When, as here, it is not evident from the face of the complaint that the alleged damages exceed $75,000, a defendant must prove by a preponderance of the evidence that the jurisdictional threshold is met. *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004); *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 403–04 (9th Cir. 1996). A defendant may rely on facts in the removal petition and summary-judgment-type evidence relevant to the amount in controversy. *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003) (per curiam). Conclusory allegations that the amount in controversy is satisfied are insufficient. *Id.*

III.    Discussion

Plaintiff does not dispute that complete diversity exists among the parties, and the Court is satisfied that Defendants have established this aspect of diversity jurisdiction. *See Notice of Removal* ("*NOR*") 3–5 (discussing the citizenship of the parties). Thus, the sole question is whether it is more likely than not that the amount in controversy exceeds $75,000.

Plaintiff alleges that she was subject to obscene, lewd, and discriminatory statements, sexual propositions that included conditioning her continued ability to intern on her participation

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-9358 PSG (PJWx) | | Date | February 2, 2016 |
|---|---|---|---|---|
| Title | Laila Abikhalil v. American Medical Response Ambulance Service, Inc., *et al.* | | | |

in sexual conduct, physical threats, attempts to prevent her from complaining about her treatment, and the termination of her internship. *Compl.* ¶¶8–12. Plaintiff alleges that she has suffered emotional distress, mental anguish, shame, humiliation, embarrassment, physical symptoms, and damages to her earning capacity and professional reputation. *Id.* ¶¶19, 24, 29, 33–34, 39–40, 43, 48, 53, 56. Plaintiff seeks compensatory damages, general and special damages, punitive damages, loss of earnings, and attorney's fees. *Id., Prayer for Relief*.

Courts may consider emotional distress damages when analyzing the amount in controversy. *See Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005), *as amended*; *Ponce v. Med. Eyeglass Ctr., Inc.*, No. 215CV04035CASJEMX, 2015 WL 4554336, at *4 (C.D. Cal. July 27, 2015); *Sasso v. Noble Utah Long Beach, LLC*, No. CV 14-09154-AB AJWX, 2015 WL 898468, at *6 (C.D. Cal. Mar. 3, 2015). It is also "well established that punitive damages are part of the amount in controversy in a civil action." *Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001), *superseded by statute on other grounds as stated in Bayol v. Zipcar, Inc.*, No. CV 14-02483, 2015 WL 4931756, at *9 (N.D. Cal. Aug. 18, 2015). Defendants argue that the allegations in the complaint indicate that the combined damages for emotional distress and punitive damages may be substantial. *Opp.* 6–12.

Defendants primarily base their arguments about damages on jury verdicts and settlements in other cases. *See NOR* 8–10; *Opp.* 6–12. The Court may consider such damage awards when analyzing whether the facts in this case place the amount in controversy above the jurisdictional limit. *See Ponce*, 2015 WL 4554336, at *4–5; *Sasso*, 2015 WL 898468, at *6; *Cain v. Hartford Life & Acc. Ins. Co.*, 890 F. Supp. 2d 1246, 1250–51 (C.D. Cal. 2012). But "[w]hile settlements and jury verdicts in similar cases can provide evidence of the amount in controversy, the cases must be factually identical or, at a minimum, analogous to the case at issue." *Aguilar v. Wells Fargo Bank, N.A.*, No. EDCV1501833 ABSPX, 2015 WL 6755199, at *5 (C.D. Cal. Nov. 4, 2015) (quoting *Mireles v. Wells Fargo Bank, N.A.*, 845 F. Supp. 2d 1034, 1055 (C.D. Cal. 2012)).

The Court agrees with Defendants that the serious allegations in the Complaint mirror other cases in which damages well above $75,000 were awarded. For example, the plaintiff in *Mirtha Sornia v. El Centro Elementary School District, et al.* presented evidence that her supervisor "harassed her by making sexual comments, suggestions and advances," including "suggesting that she use a water-bottle to pleasure herself," "pantomiming as if he were performing oral sex on her," and giving her samples of his pubic hair. No. 04 CV 0332 JM, 2006 WL 1889358 (S.D. Cal. June 2, 2006). The plaintiff alleged that the harassment stopped after she complained to human resources. *Id.* Plaintiff sought damages for pain and suffering. *Id.* The plaintiff received a jury verdict of $400,000 in compensatory damages and $32,500 in punitive damages. *Id.*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-9358 PSG (PJWx) | Date | February 2, 2016 |
|---|---|---|---|
| Title | Laila Abikhalil v. American Medical Response Ambulance Service, Inc., *et al.* | | |

In *Marshall, et al. v. City of Los Angeles*, another case cited by Defendants, four plaintiffs alleged that they were subject to "sexual harassment, quid pro quo sexual harassment, sex discrimination, retaliation, [and] a hostile work environment," because their supervisor "called them names, touched them inappropriately, made sexual advances on them, and made suggestive and inappropriate comments to them about their bodies and sexuality, even after they asked him to stop." LA Super. Ct. No. BC520570, 2015 WL 5578120 (Cal. Super. Ct. Apr. 15, 2015). They also alleged that they were shunned, ostracized, and demoted after reporting. *Id.* Each plaintiff received over $200,000 in a settlement with the city. *Id.*

Many of the other cases cited by Defendants show similarly high awards for severe workplace sexual harassment. *See, e.g.*, *Bradley v. Cal. Dep't of Corr. & Rehab.*, 158 Cal. App. 4th 1612, 1617–23, 1635 (2008) (reinstating jury verdict of $300,000 in non-economic damages where the plaintiff's coworker made numerous sexually explicit comments to the plaintiff, frequently propositioned her for sex, and repeatedly visited her apartment in the middle of the night for a one-month period); *Vargas, et al. v. City of San Diego*, San Diego Super. Ct. No. GIC795907, 2004 WL 2590534 (Cal. Super. Ct. Sept. 28, 2004) (settlement of over $400,000 each for two plaintiffs, including one intern, for sexual harassment that "consisted of lewd and offensive comments about women's bodies (including plaintiffs' and others'), foul and offensive language (including repeated references to women as 'cunts'), some physical touching of [one of the plaintiffs], and frequent watching of graphic pornography"); *Smith vs. Federal Express Corp.*, CV0201149FMC, 2003 WL 23202186 (C.D. Cal. Aug. 22, 2003) (plaintiff received a jury verdict of $250,000 in emotional distress damages where defendant made sexually suggestive comments to her and forcibly kissed her on the mouth).

Plaintiff argues that Defendants have "not cited any cases where an unpaid intern recovered more than $75,000 from a jury and attorney's fees." *Reply* 2.[1] But the fact that the cited cases have some distinguishable facts is not dispositive because the Court believes they are sufficiently analogous to establish that the damages here have the potential to be substantial. *See Amado v. US Bancorp*, No. SACV1500871JLSDFMX, 2015 WL 5618877, at *2 (C.D. Cal. Sept. 24, 2015); *Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1033–34 (N.D. Cal. 2002); *cf. Aguilar*, 2015 WL 6755199, at *5–6 (declining to consider damage awards cited by the

---

[1] Plaintiff's main argument in her motion to remand was that Defendants presented no evidence of compensatory or punitive damages because the Notice of Removal included the damages awarded in the cited cases without addressing why the facts in those cases were similar to those in this case. *Mot.* 4–7. Although this is correct, Defendants explain in their Opposition why they believe the cited cases are factually similar to the allegations in this case. *See Opp.* 6–10; *see also Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 n.1 (9th Cir. 2002) ("The district court did not err in construing Petsmart's opposition as an amendment to its notice of removal.").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-9358 PSG (PJWx) | Date | February 2, 2016 |
|---|---|---|---|
| Title | Laila Abikhalil v. American Medical Response Ambulance Service, Inc., *et al.* | | |

defendant because the damages arose in cases that were factually dissimilar). The Court thus finds that Defendants have met their burden of establishing that it is more likely than not that the amount in controversy exceeds the jurisdictional minimum, and that diversity jurisdiction exists.[2]

IV.   Conclusion

The Court therefore DENIES the motion to remand.

**IT IS SO ORDERED.**

---

[2]   Defendants also argue that penalties under the Unruh Civil Rights Act and attorney's fees available under FEHA establish that the amount in controversy is above $75,000, and that Plaintiff's refusal to stipulate that she is seeking less than $75,000 in damages shows that Plaintiff's motion to remand is "gamesmanship." *NOR* 11–13; *Opp.* 11–16. Because the Court believes that the compensatory and punitive damages alone reach the jurisdictional minimum, it need not address these other arguments.