1  Daniel F. Fears, State Bar No. 110573
   dff@paynefears.com
2  Andrew K. Haeffele, State Bar No. 258992
   akh@paynefears.com
3  PAYNE & FEARS LLP
   Attorneys at Law
4  4 Park Plaza, Suite 1100
   Irvine, California 92614
5  Telephone: (949) 851-1100
   Facsimile: (949) 851-1212
6
7  Attorneys for Defendants AMERICAN MEDICAL RESPONSE
   AMBULANCE SERVICE, INC.; AMERICAN MEDICAL RESPONSE,
   INC.; ENVISION HEALTHCARE CORPORATION; and
8  AMERICAN MEDICAL RESPONSE

FILED
CLERK, U.S. DISTRICT COURT
AUG 19 2016
CENTRAL DISTRICT OF CALIFORNIA
BY            DEPUTY

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAILA ABIKHALIL,<br><br>    Plaintiff,<br><br>v.<br><br>AMERICAN MEDICAL RESPONSE AMBULANCE SERVICE, INC.; AMERICAN MEDICAL RESPONSE, INC.; ENVISION HEALTHCARE CORPORATION; AMERICAN MEDICAL RESPONSE; and DOES 1 through 20, inclusive,<br><br>    Defendants. | Case No. 2:15-cv-09358-PSG-PJW<br><br>The Hon. Philip S. Gutierrez<br><br>**STIPULATION AND AGREED PROTECTIVE ORDER** |

*[Handwritten note:]* UNDER SEAL FILINGS ARE GOVERNED BY LOCAL RULE 79-5. THIS PROTECTIVE ORDER DOES NOT AUTHORIZE THE PARTIES TO FILE DOCUMENTS UNDER SEAL. PJW

STIPULATION AND AGREED PROTECTIVE ORDER

## STIPULATION AND AGREED PROTECTIVE ORDER

IT IS HEREBY STIPULATED by and between Plaintiff Laila Abikhalil ("Plaintiff") and Defendants American Medical Response Ambulance Service, Inc.; American Medical Response, Inc.; Envision Healthcare Corporation; and American Medical Response ("Defendants"), on the other hand, through their respective attorneys of record, that a Protective Order may be entered by the Court as follows:

1. The parties acknowledge that discovery will require disclosure of information that is private and personal or confidential. As a result, the parties agree that they will enter into a Protective Order on the following terms to ensure the continuing confidentiality of such information.

2. This Protective Order shall limit the disclosure of documents, deposition testimony, and related information which are or which embody or disclose any information designated as "Confidential."

3. Any person designating documents, testimony, or other information as "Confidential" ("Designating Party") hereunder asserts that he or she believes in good faith that such material is Confidential Information which is not otherwise available to the public generally.

4. Designation of a document as "Confidential" shall be made by stamping or writing "CONFIDENTIAL" on the document(s).

5. Designation of a deposition or other pretrial testimony, or portions thereof, as "Confidential" shall be made by a statement on the record by counsel for the party or other person making the claim of confidentiality at the time of such testimony. The portions of depositions so designated as "Confidential" shall be taken only in the presence of persons qualified to receive such information pursuant to the terms of this Protective Order. Failure of any other person to comply with a request to leave the deposition room will constitute sufficient justification for the witness to refuse to answer any question calling for disclosure of Confidential Information so long as persons not entitled by this Protective Order to have access to such information are in attendance. The parties shall instruct the court reporter to segregate such portions of the deposition in a separate transcript designated as "Confidential." Portions of such deposition transcripts shall be clearly marked as "Confidential" on the cover or on each page, as appropriate.

6. No Confidential Information shall be disclosed by anyone receiving such information ("Receiving Party") to anyone other than those persons designated herein, and in no event shall Confidential Information be used, either directly or indirectly, by anyone receiving such information for any business, commercial or competitive purpose or for any purpose whatsoever other than the direct furtherance of the litigation of this action in accordance with the provisions of this Protective Order.

7. Unless otherwise ordered by the Court or permitted in writing by the Designating Party or non-party, a Receiving Party or non-party shall not disclose any information or item designated as "Confidential" to any other person except to:

    a. Attorneys of record for the parties and their respective associates, clerks, employees, and individuals utilized for the purposes of secretarial tasks and other litigation assistance, directly involved in the conduct of this litigation;

  b. The parties hereto;

  c. The Court and its personnel;

  d. Court reporters and their staff, provided further that Confidential Information filed with the Court shall be sealed subject to release only by order of the Court or agreement of counsel;

  e. Expert witnesses retained to assist counsel in this litigation;

  f. The author of the document or the original source of the information;

  g. Any deposition or non-trial hearing witness in this litigation;

  h. Any mock jury participant; and

  i. Any other person with the prior written consent of the party who has designated such information as "Confidential" or pursuant to an order of the Court.

8. The substance or content of Confidential Information, as well as all notes and memoranda relating thereto, shall not be disclosed to anyone other than as set forth in paragraphs 7(a)–(i) above.

9. Any party that wishes to challenge the designation of a document or other information as "Confidential" may, for good cause, bring a motion before the Court requesting that the Court deny the designation of any document or information as "Confidential." The interested parties or other persons shall attempt to resolve such disagreements pursuant to LR-7.3 before submitting them to the Court. Pending resolution of any dispute concerning such designation, all parties and persons governed by this Protective Order shall treat all documents and information previously designated as "Confidential" as protected from further disclosure by this Protective Order.

10. The provisions of this Protective Order shall continue in effect until otherwise ordered by the Court, or one of them, after notice and an opportunity to be heard is afforded to the parties to this action. The final determination or settlement of this action shall not relieve any person who has received Confidential Information or agreed to be bound by the terms of this Protective Order of his, her, or its obligations hereunder. Upon completion of the litigation, all documents (including copies of documents) containing Confidential Information shall retain their "Confidential" designation and be destroyed after the requisite period under the law.

11. This Protective Order shall not apply to information designated or marked "Confidential" hereunder which is used at any evidentiary hearing or trial in this action. The parties hereby reserve their rights to use, or seek to limit the disclosure of, Confidential Information at any such hearing or trial.

12. Nothing in this Protective Order shall limit the use by any party, person or entity of his, her or its own proprietary document or information for purposes other than this litigation even if such documents or information have been designated as "Confidential."

13. This Protective Order shall not preclude or limit any party's right to oppose or object to discovery on any ground which would be otherwise available. This Protective Order shall not preclude or limit any party's right to seek in camera review or to seek further and additional protection against or limitation upon production or dissemination of information produced in response to discovery, including documents and their contents.

14. Any person to or by whom disclosure or inspection is made in violation of this Protective Order, and who has knowledge of this Protective Order, shall be

bound by the terms hereof.

15. The parties hereto, and all other persons who receive Confidential Information pursuant hereto, agree that any party or other person injured by a violation of this Protective Order does not have an adequate remedy at law and that an injunction against such violation is an appropriate remedy. In the event any person shall violate or threaten to violate any terms of this Protective Order, the parties agree that the aggrieved party may immediately apply to obtain injunctive relief against any such person. In the event the aggrieved party shall do so, the respondent person subject to the provisions of this Protective Order shall not employ as a defense thereto the claim that the aggrieved party has an adequate remedy at law. Any persons subject to the terms of this Protective Order agree that the Court shall retain jurisdiction over it and them for the purposes of enforcing this Protective Order, including but not limited to issuing an injunction. In addition to injunctive relief, as specified herein, the Court may impose monetary and/or issue sanctions as it determines are proper, as well as other relief it deems appropriate under the circumstances for a violation of this Protective Order.

16. Neither entering into this Stipulation for Protective Order, nor receiving any documents or other information designated as "Confidential" shall be construed as an agreement or admission (1) that any document or information designated as "Confidential" is in fact Confidential Information; (2) as to the correctness or truth of any allegation made or position taken relative to any matter designated as "Confidential;" or (3) as to the authenticity, competency, relevancy or materiality of any information or document designated as "Confidential."

17. In the event the Court does not issue this Protective Order, the parties hereby agree that the terms of the Stipulation are binding on the parties, except for

-6-
STIPULATION AND AGREED PROTECTIVE ORDER

those sections which require the Court's approval.

**IT IS SO STIPULATED.**

DATED: August 18, 2016     FREIMAN LAW

By: /s/ Lawrence W. Freiman
    LAWRENCE W. FREIMAN
    MICHAEL J. FREIMAN

Attorneys for Plaintiff LAILA ABIKHALIL

DATED: August 18, 2016     PAYNE & FEARS LLP

By: /s/ Andrew K. Haeffele
    DANIEL F. FEARS
    ANDREW K. HAEFFELE

Attorneys for Defendants
AMERICAN MEDICAL RESPONSE
AMBULANCE SERVICE, INC.; AMERICAN
MEDICAL RESPONSE, INC.; ENVISION
HEALTHCARE CORPORATION; AMERICAN
MEDICAL RESPONSE

IT IS SO ORDERED.
8/19/16

*/s/ Patrick J. Walsh*
PATRICK J. WALSH
U.S. MAGISTRATE JUDGE

-7-
STIPULATION AND AGREED PROTECTIVE ORDER